UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 16, 2015
```

---------------------------------------------------------------X

ANTONIO FUENTES and MARTIN          :
ALVAREZ, on behalf of themselves, FLSA  :
Collective Plaintiffs and Class Members,  :
                                    :
                Plaintiffs,         :          14-cv-10211 (KBF)
                                    :
        -v-                         :              ORDER
                                    :
CITY BARN GROUP LLC, GREEN SUMMIT   :
GROUP LLC, TM MANAGEMENT, LLC,      :
BLUE RADISH 52, LLC, PHILIP M. CORHAN, :
PAUL MILLMAN, TODD MILLMAN and      :
DANIEL MILLMAN,                     :
                                    :
                Defendants.         :

---------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

The Court has reviewed the June 12, 2015 submission from plaintiff's counsel in support of the settlement agreement in this action.  (ECF No. 18.)  Plaintiff's counsel provided this submission pursuant to the Court's April 29, 2015 order to submit an executed settlement agreement for the Court's approval.  (ECF No. 15.)

Courts presume that a FLSA settlement is fair, adequate, and reasonable when it is reached "in arm's-length negotiations between experienced, capable counsel after meaningful discovery."  Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005).  In this case, the Court finds that the proposed settlement is fair, adequate and reasonable as it was reached as a result of arm's-length negotiations. The litigation was contested and was reached after several months of negotiations.  The resulting take-home settlement amount of

$4,168.74 for plaintiff Antonio Fuentes and $4,168.75 for plaintiff Martin Alvarez is a fair result, when consideration plaintiffs' calculation that Fuentes would have recovered $5,363 as backwages and Alvarez would have recovered $3,120 as backwages had this case gone to trial.

The Court notes that the amount of fees and costs for which plaintiff's counsel seeks reimbursement ($4,162.51) is approximately one-third of the total settlement amount of $12,500, and that plaintiff's counsel has requested reimbursement of 56% of its cited attorneys' fees and costs.  However, the top two billing rates applied to work on this case were $550 and $350 per hour.  The Court laid out its reasoning for reducing the rates of these very lawyers and paralegals in an FLSA case just last year.  See Aguilera v. Cookie Panache ex rel. Between the Bread, Ltd., No. 13 Civ. 6071 (KBF), 2014 WL 2115143, at *3-4 (S.D.N.Y. May 20, 2014).  Based on the prevailing rates in this district for employment law cases, the Court hereby decreases the requested hourly rates to the following: C.K. Lee (partner): $300; Anne Seelig (counsel): $200; and Luis Arnaud and Jasmin Perez (paralegals): $75.  These rates fall in the middle of the range of fees for experienced employment law litigators that courts in this District have found to be reasonable. See, e.g., Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012).  The hours, as submitted by plaintiffs' counsel, are reasonable: Mr. Lee: 3.7; Ms. Seeling: 11.6; Mr. Arnaud: 3, and Ms. Perez 4.3.  Accordingly, the lodestar comes out to $4,377.50, which is calculated by adding: Mr. Lee: $1,110; Ms. Seeling: $2,320; Mr. Arnaud: $225; Ms. Perez: $322.50; and out-of-pocket costs and expenses: $400.  Accordingly,

2

the requested attorneys' fees, costs and expenses of **$4,162.51** is fair and reasonable.

For these reasons, the settlement agreement (ECF No. 18) is approved as fair in all respects.

SO ORDERED.

Dated:     New York, New York
           June 16, 2015

_____
          KATHERINE B. FORREST
          United States District Judge

3